IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES M. MANNING, JR.,
    Plaintiff,

v.                                   Case No. 3:11cv162/MCR/CJK

RANDY JONES,
    Defendant.

_____

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 15). Upon review of the second amended complaint, the Court concludes that plaintiff has not presented an actionable § 1983 claim, and that this case should be dismissed.

    Since plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss this action at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.

*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

   This lawsuit arises out of a notice of code violation plaintiff received from a Compliance Investigator with the Santa Rosa County Building Inspection Department.  Plaintiff is suing Randy Jones, the Compliance Investigator, claiming that Jones violated plaintiff's rights under the Fourteenth Amendment, as well as plaintiff's rights under Article X Section 13 of the Florida Constitution, when Jones "wrongfully accus[ed] [plaintiff] of an allegation in writing." (Doc. 15, p. 5). Specifically, plaintiff alleges that in April of 2010, plaintiff complained to the Santa Rosa County Building Inspection Department ("Inspection Department") that a neighbor, Ms. Santini, added an addition to her home without a permit.  Ms. Santini then complained to the Inspection Department that the home plaintiff was occupying had an addition without a permit.  On June 24, 2010, defendant Jones sent plaintiff a letter advising plaintiff of the violation.  (*Id.*).  A copy of the letter is attached to plaintiff's original complaint.  (Doc. 1, Attach.).  The letter informed plaintiff that a Code Enforcement case was opened regarding the property plaintiff occupied, that the

property was in violation of Article 4.05.00 of Santa Rosa County's Land Development Code in that a porch addition had been added without the required permits and inspections, and that "as occupant of the property you are the violator." (*Id.*).  Jones explained the options for resolving the situation and encouraged plaintiff to cooperate with the department in bringing the property into compliance.  (*Id.*). Plaintiff states that he called Jones and inquired whether he himself could purchase the necessary permits, but Jones advised plaintiff that that was not an option because plaintiff was neither the record owner of the property nor a licensed building contractor under contract with the property owner. (Doc. 15, p. 4).  Thereafter, plaintiff submitted a public records request to the Inspection Department seeking a copy of the violation letter sent to Ms. Santini.  Plaintiff complains that Jones' letter to Ms. Santini did not identify who the "violator" was. (*Id.*, pp. 3-4). Plaintiff claims it violated his constitutional rights for Jones to "accuse" plaintiff of a code violation in writing without plaintiff's consent. (*Id.*, pp. 4-5).  Plaintiff alleges:  "I did not receive a warning notification from the Santa Rosa County Building Inspection Department, I did not build the building structure reported in violation, I have no contract agreement as a tenant, and I am not a property owner." (*Id.*, p. 3). Claiming mental injury, plaintiff seeks damages against the Inspection Department in the amount of $100,000.00.  (*Id.*, p. 5).

To state a claim under § 1983, a plaintiff must establish that a state actor deprived him of a federal right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  A federal right may derive from the

Constitution or federal statute. *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980). Plaintiff does not specifically identify what right under the Fourteenth Amendment was implicated by Jones' conduct. Liberally construing plaintiff's allegations as asserting both due process and equal protection claims, plaintiff's second amended complaint fails to state a claim to relief that is plausible on its face.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty or property without due process of law." U.S. Const. amend XIV. A plaintiff seeking to bring a procedural due process claim must establish that: (1) he was deprived of a constitutionally protected liberty or property interest, (2) through state action, and (3) he was not provided with a constitutionally adequate process to contest the deprivation. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). A violation does not become complete "unless and until the state refuses to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1562 (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

Neither the allegations of plaintiff's second amended complaint, nor any of the other pleadings plaintiff has filed in this case, plausibly support a finding that plaintiff was deprived of a constitutionally protected property or liberty interest. Plaintiff admits that he had no property interest in the property at issue, and further fails to allege any deprivation resulting from the Code Enforcement action. Plaintiff appears to argue that Jones' identification of plaintiff as the "violator" in the June 24, 2010 letter (apparently a public record) constituted an unconstitutional infringement of plaintiff's liberty. In *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S. Ct. 507, 27 L. Ed. 2d 515 (1971), the Supreme Court recognized that "[w]here a person's good

name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id.*, 400 U.S. at 437, 91 S. Ct. at 510; *see also Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1042-43 (11th Cir. 1989) (holding that to establish the deprivation of an individual's liberty interest without due process of law in the context of public dissemination of stigmatizing information, a plaintiff must prove that: (1) a false statement (2) of a stigmatizing nature (3) was made public (4) by the governmental entity (5) without a meaningful opportunity for the plaintiff to clear his name).  This is not such a case.  Defendant Jones, in issuing the "Notice of Violation" letter did not make any charge against plaintiff that might seriously damage plaintiff's standing and associations in the community.  *See Codd v. Velger*, 429 U.S. 624, 627, 97 S. Ct. 882, 883, 51 l. Ed. 2d 92 (1977) (An employee must present facts which have significant bearing on his reputation to implicate the Due Process Clause); *Board of Regents of State Colleges v. Roth*, 408 U.S. 562, 573, 92 S. Ct. 2701, 2707, 33 L. Ed. 2d 548 (1972) ("The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community.  It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality.  Had it done so, this would be a different case. . . . In the present case, however, there is no suggestion whatever that the respondent's 'good name, reputation, honor, or integrity' is at stake.") (quoting *Constantineau*).  Plaintiff further fails to show that Jones' statement concerning plaintiff's status was false.  As plaintiff's allegations fail to establish that plaintiff was deprived of a property or liberty interest sufficient to trigger due process protection, plaintiff's procedural due process claim fails.

Plaintiff's allegations also fail to state a plausible claim for relief under the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment requires that the government treat similarly situated people in a similar manner. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To plead an equal protection claim, a plaintiff must allege that "through state action, similarly situated persons have been treated disparately." *Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't*, 223 F.3d 1231, 1237 (11th Cir. 2000), *abrogated on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). The Supreme Court has recognized "class of one" equal protection claims where a plaintiff asserts that he was irrationally discriminated against on an individual basis, rather than as a member of a particular group. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000). A plaintiff can establish a "class of one" claim by showing that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564, 120 S. Ct. at 1074. "To be 'similarly situated,' the comparators must be prima facie identical in all relevant respects." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1264 (11th Cir. 2010) (quotation and emphasis omitted).

Plaintiff's second amended complaint does not show that plaintiff was treated differently from similarly-situated persons. Plaintiff asserts that Jones sent letters to both he and Ms. Santini concerning the respective code violations. Plaintiff implies that he was treated differently from Ms. Santini, because the letter to plaintiff advised: "Be advised as occupant of the property you are the violator," (doc. 1, attach. 1), but the letter to Santini "disregarded identifying who was in violation of

building the added addition to the back of Sherry Santini's home." (Doc. 15, pp. 3-4). Plaintiff fails to allege, however, that his and Ms. Santini's situations were similar in all relevant respects. For example, plaintiff does not allege that he and Ms. Santini shared the same status with regard to the properties they occupied, such that Santini's status as the "violator" in the Code Enforcement case warranted clarification. Even if plaintiff and Santini were similarly situated, the fact that defendant Jones's letter to Santini did not expressly say "you are the violator" does not reasonably support an inference that the two were treated differently in their respective Code Enforcement cases.[1] As plaintiff fails to show that Ms. Santini was identical to him in all relevant respects and that he and Ms. Santini were treated differently, plaintiff's equal protection claim fails.

Plaintiff's damages claim fails for a final reason. Plaintiff seeks to recover $100,000 in damages against the Santa Rosa County Building Inspection Department for the alleged mental injury plaintiff suffered from being identified as a "violator." However, plaintiff does not allege that Santa Rosa County itself deprived plaintiff of a constitutional right, or that the County employed a custom or policy that caused plaintiff's constitutional rights to be violated. *See Connick v. Thompson*, — U.S. —, 131 S. Ct.1350, 1359, 179 L. Ed. 2d 417 (2011). Thus, plaintiff's allegations are insufficient to state a § 1983 claim against the County.

Plaintiff claims that Mr. Jones' conduct also violated the Florida Constitution. Although a district court may, in its discretion, exercise supplemental jurisdiction

---

[1] This Court has conducted its own search of the Santa Rosa County Development Services' website, which enables a search of the Code Compliance Division's compliance complaints. The online public records identify Ms. Santini as the "violator" in the complaint plaintiff initiated on April 12, 2010. *See* http://data1.santarosa.fl.gov/gocompliance/GoComplianceWindow.cfm

*Case No: 3:11cv162/MCR/CJK*

over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the undersigned recommends that this Court decline to exercise such jurisdiction in this instance.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claim(s) be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That plaintiff's state law claim be DISMISSED WITHOUT PREJUDICE to plaintiff filing it in the appropriate state court.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 29th day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).